1999 OK 58

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Michael D. WEHBA, Respondent.**

**No. SCBD4433.**

Supreme Court of Oklahoma.

June 15, 1999.

¶ 0 ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

SUMMERS.

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, Michael D. Wehba, pending disciplinary proceedings, the application reveals:

a. On April 19, 1999, the respondent submitted his affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

b. The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

c. The respondent's affidavit of resignation reflects that he is aware of Grievances DC 98–337 and DC 99–102 filed against him with the Office of the General Counsel of the Oklahoma Bar Association. DC 98–337 alleges neglect, incompetence, and fraud in a divorce matter. DC 99–102 alleges the respondent's indictment in the United States District Court for the Northern District of Oklahoma alleging that he conspired with others to possess marijuana with intent to distribute marijuana, a Schedule 1 Controlled Substance in violation of Title 21, United States Code, § 846. Rules 1.1, 1.3, 1.4, and 8.4, Rules of Professional Conduct, 5 O.S.1991 Ch.1, App. 3–A. Rule 1.3, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

d. The respondent waives any and all right to contest the allegations outlined in the affidavit.

e. The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and it should be approved.

f. The official roster address of the respondent as shown by the Bar Association records is: 406 S. Boulder, Suite 400, Tulsa, Oklahoma 74103.

g. No costs have been incurred by the Bar Association in the investigation of this matter.

h. The respondent acknowledges he may be reinstated only upon full compliance with the conditions and procedure prescribed by the Rules of Disciplinary Proceedings, which provides in Rule 11.1(b) that if any funds of the Client's Security Fund have been expended on behalf of an applicant, the applicant must show the amount paid and that the same has been repaid to the Bar Association to reimburse such Fund.

¶ 2 IT IS THEREFORE ORDERED, that the resignation of Michael D. Wheba, pending disciplinary proceedings be approved.

¶ 3 IT IS FURTHER ORDERED, that the name of Michael D. Wheba, be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of the reinstatement.

¶ 4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS *10th* DAY OF JUNE, 1999.

¶ 5 All Justices concur.